| jBROWN, Judge,
concurring, with written reasons.
The Golson Road crossing is controlled by railroad cross-bucks and advance warning signs. If federal funds “participated” in the installation of these passive “warning devices” at this crossing and approval was given by the Secretary of Transportation, then state tort law cannot impose a greater or different standard. The Tenth Circuit has held that the degree of federal “participation” must be significant. Armijo v. Atchison, Topeka and Santa Fe Railway Co., 19 F.3d 547 (10th Cir.1994); Hatfield v. Burlington Northern Railroad Co., 1 F.3d 1071 (10th Cir.1993). The Fifth Circuit case of Hester, supra, does not address or define “participation.”
Although regulating rail safety, the FRSA allows states to “adopt or continue in force any law, rule, regulation or standard” until a rule, regulation or standard covering the subject matter has been promulgated by the Secretary of Transportation. 45 U.S.C. § 434. A general regulation will not suffice. Easterwood, supra. 23 C.F.R. § 646.214(b)(3) specifically covers signaliza-üon at rail crossings. Under specified circumstances, automatic gates and flashing lights are required; however, if those conditions do not exist, proposed passive devices must be approved by the Secretary.
The standard laid down by the Secretary cannot be challenged on the grounds that he made a mistake; however, a general agreement covering the entire state was found to provide minimum passive protections, but was not necessarily a determination by the Secretary of what safety devices would be adequate for a particular crossing. Shots v. CSX Transportation, Inc., 38 F.3d 304 (7th Cir.1994).
The Fifth Circuit in Hester, supra, stated: The fact that federal funds participated in the installation of the warning devices legally presupposes that the Secretary approved Rand authorized that expenditure, which in turn legally presupposes that the Secretary determined that the safety devices installed were adequate to their task. There is no evidence that this did not in fact happen. Nor is there any evidence demonstrating that passive warning devices alone were deemed inadequate (or were not found adequate) to promote safety at Hatley Circle. (Emphasis added).
Id. at 387.
Obviously, plaintiff cannot defend against a summary judgment motion and show “that this did not in fact happen” if he cannot obtain in discovery the information concerning the “participation” of federal funds at this crossing and the Secretary’s approval that the signals were adequate to their task. Under these circumstances, without these documents, defendants’ summary judgment motion must fail.